ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **JOHN BRACETTY CALDERÓN**<br>RECURRENTE(S)<br><br><br>V.<br><br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**<br>RECURRIDA(S) | **TA2026RA00147** | ***REVISIÓN DE DECISIÓN ADMINISTRATIVA***<br>procedente del<br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**<br><br>Caso Núm.<br>**CDB-30-26**<br><br>Sobre:<br>Remedio Administrativo |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente.

### SENTENCIA

En San Juan, Puerto Rico, hoy día 4 de junio de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **JOHN BRACETTY CALDERÓN** (señor **BRACETTY CALDERÓN**) mediante una *Moción sobre Revisión Judicial ante el Tribunal de Apelaciones* instada el 19 de marzo de 2026.[1] En su recurso, nos solicita la revisión de la *Respuesta del Área Concernida/Superintendente* decretada el 17 de febrero de 2026 por el **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**.[2] Mediante la referida decisión, la supervisora de la Unidad Sociopenal expuso que se está solicitando bonificación por tiempo trabajado en la cocina sin estar asignado.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Este documento está ponchado como recibido el 30 de marzo de 2026 por la Secretaria del Tribunal de Apelaciones.
[2] Este dictamen administrativo fue notificado y archivado en autos el el 25 de febrero de 2026. Anejo de la *Solicitud de Desestimación*, págs. 7-8.

# – I –

El señor **BRACETTY CALDERÓN,** quien se encuentra bajo la custodia del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR),** está cumpliendo pena en el Complejo Correccional de Bayamón.

El 23 de enero de 2026, el señor **BRACETTY CALDERÓN** incoó una *Solicitud de Remedio Administrativo* ante la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** a la cual se le asignó el número: **CBD-30-26**.[3] En esta, manifestó que no le habían bonificado días por sus labores en la cocina donde trabaja desde abril de 2025; solamente le habían compensado el mes de agosto de 2025; así como no le habían bonificado diez (10) días por el taller de Doña Felisa Rincón.

Más tarde, el 17 de febrero de 2026, la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** dictaminó la *Respuesta del Área Concernida/Superintendente* impugnada.

Insatisfecho, el 27 de febrero de 2026, el señor **BRACETTY CALDERÓN** presentó una *Solicitud de Reconsideración*.[4] Enunció, entre otras, que desde hace algún tiempo ha trabajado en la cocina como servidor y lavaplatos. Reiteró su petitorio de bonificación.

A continuación, el 16 de marzo de 2026, el señor **BRACETTY CALDERÓN** recibió *Respuesta de Reconsideración al Miembro de la Población Correccional* disponiendo que se acoge la petitoria de reconsideración.[5] Aun en desacuerdo, el 19 de marzo de 2026, el señor **BRACETTY CALDERÓN** interpuso una *Moción sobre Revisión Judicial ante el Tribunal de Apelaciones*. En su escrito, no señala el(los) error(es).

El 13 de abril de 2026, pronunciamos *Resolución* en la cual concedimos un plazo de veinte (20) días para cumplimentar la *Solicitud para Declaración de Indigencia* [Formulario OAT 1480 Rev. Septiembre 2025}. Además, dentro del mismo término, se requirió presentar y/o suministrar **copia fiel y exacta**

---

[3] Anejo de la *Solicitud de Desestimación*, págs. 4-5.
[4] *Íd.*, págs. 9- 11.
[5] *Íd.*, págs. 13- 14.

del(de los) siguiente(s) documento(s): (1) *Respuesta al Miembro de la Población Correccional* concerniente a la *Solicitud de Remedio Administrativo* [CBD-30-26] recibida el 23 de febrero de 2026; (2) *Solicitud de Reconsideración* presentada el 25 de febrero de 2026; (3) *Respuesta al Miembro de la Población Correccional Reconsideración* recibida el 16 de marzo de 2026 así como cualquier otro documento concerniente a su reclamación para constatar nuestra jurisdicción.

El día 14 de abril de 2026, la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** decretó *Resolución* conteniendo las siguientes determinaciones de hechos:

1. El recurrente present[ó] Solicitud de Remedios Administrativos el 23 de enero de 2026 ante la Evaluadora de Remedios Administrativos, Carmen Montañez Martínez de la Oficina de Bayamón. En su escrito solicita se le bonifique por labores de trabajo en la cocina desde abril 2025 y por el Taller 360.

2. Se realiza Notificación el 26 de enero de 2026 a la Sra. Iris Velázquez Rivera, Supervisora Unidad Sociopenal, Centro Detención Bayamón 1072, por parte de la Sra. Carmen Montañez, Evaluadora de Remedios Administrativos Oficina de Bayamón.

3. Se recibe respuesta por parte de la Sra. Jacqueline Rodríguez, Técnico Sociopenal Principal Centro Detención Bayamón 1072[,] el 19 de febrero de 2026 en la Oficina de Remedios Administrativos de Bayamón.

4. El 20 de febrero de 2026[,] la Sra. Carmen Montañez Martínez[,] de la Oficina de Bayamón realiza respuesta al miembro de la población correccional en donde le desestima el recurso a la luz del Reglamento Para Atender Las Solicitudes De Remedios Administrativos Radicadas Por Los Miembros De La Población Correccional.

5. El 25 de febrero de 2026[,] se hace la entrega al recurrente del Recibo de Respuesta.

6. El 27 de febrero de 2026, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

7. Se acoge la petición de reconsideración el 13 de marzo de 2026.[6]

Concretó: "[s]e orienta al recurrente que después de corroborar el expediente criminal encontramos que el 26 de marzo de 2026 se le concedieron 84 días de bonificación adicional desde el 12 de marzo de 2025 hasta el 12 de marzo de 2026 en año subsiguiente. Por labores realizadas en

---

[6] Anejo de la *Solicitud de Desestimación,* págs. 15-17. Fue notificada y archivada en autos el 21 de abril de 2026.

la cocina y el Taller Felisa Rincón de Gautier (Taller 360). [...] A base a la información expuesta en este documento determinamos confirmar y ampliar la respuesta recibida por parte de la Sra. Jacqueline Rodríguez, Técnico Sociopenal Principal, Centro Detención Bayamón 1072".

Posteriormente, el 13 de mayo de 2026, el **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**, por conducto de la **OFICINA DEL PROCURADOR GENERAL DE PUERTO RICO**, presentó su *Solicitud de Desestimación*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

– II –

- A - *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[7] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[8] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[9]

Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la

---

[7] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[8] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).
[9] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).

controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[10]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[11]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[12] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[13]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[14] Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre

---

[10] *FCPR v. ELA et al.*, *supra*; *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*; *Allied Mgmt. Group v. Oriental Bank*, *supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 501 (2019).

[11] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank*, *supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101-102 (2020).

[12] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[13] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*.

[14] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).

una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida.[15] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[16] Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real y sustancial.[17]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[18] Como regla general, un caso es *académico* "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia".[19]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[20] Una vez un tribunal determina que no tiene *jurisdicción*,

---

[15] *San Gerónimo Caribe Proyect v. ARPE*, 174 DPR 640 (2008).
[16] *Íd.*
[17] *Ortiz v. Panel FEI*, 155 DPR 219 (2001).
[18] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[19] *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017).
[20] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el **recurso se ha convertido en académico**"*.

"procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos". [21]

– III –

Justipreciado el expediente ante nuestra consideración, atisbamos que el pasado 21 de abril, se expidió una *Resolución* concerniente a la *Solicitud de Remedio Administrativo* presentada el 27 de febrero de 2026 por el señor BRACETTY CALDERÓN que fuese acogida el 16 de marzo de 2026 mediante la *Respuesta de Reconsideración al Miembro de la Población Correccional*.

Ante ello, debemos colegir que el DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR) actuó con *jurisdicción* al formular su *Resolución*.[22] Esto es, atendió dicho ruego **antes** de transcurrir el intervalo. Por consiguiente, la presentación de este recurso es ***prematura***; y estamos privados de *jurisdicción* para atender la(s) controversia(s) planteada(s). En consecuencia, procede la *desestimación* por carecer de *jurisdicción*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, ***desestimamos***, por carecer de *jurisdicción,* la *Moción sobre Revisión Judicial ante el Tribunal de Apelaciones* interpuesta el 19 de marzo de 2026 por el señor JOHN BRACETTY CALDERÓN; y ordenamos el cierre y archivo del presente caso.[23]

---

[21] *Allied Mgmt. Group v. Oriental Bank, supra,* pág. 385.

[22] *R&B Power Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2023). El período de treinta (30) días laborables para concretar la *Resolución de Reconsideración* comenzará a partir de la fecha en que el miembro de la población correccional recibe la notificación de la respuesta a su solicitud de reconsideración.

[23] La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B). Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico".*

**Notifíquese inmediatamente.**

**Notifíquese al(a la) señor(a)** John Bracetty Calderón **quien se encuentra bajo la custodia del** Departamento de Corrección y Rehabilitación **(DCR) a: Institución Bayamón 1072 Edif. 5 Sección C #108 Industrial Luchetti Bayamón, PR 00960 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones